FILED
2021 Nov-08 PM 04:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| **LARRY GREG WALLACE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. _____ |
| ) | |
| **TRUSTEES OF THE UMWA 1974** ) | |
| **PENSION TRUST,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

COMES NOW the Plaintiff, LARRY GREG WALLACE, by and through his attorneys, Lloyd W. Gathings and Kimberly B. Massey, Gathings Law, and for his Complaint against the Defendant, states as follows:

### I.   Preliminary Statement

1. The Plaintiff, Larry Greg Wallace, brings this action for retirement benefits, equitable relief, and for attorneys' fees under the provisions of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., and particularly 29 U.S.C. § 1132(a)(1) and 29 U.S.C. § 1132(g), following rejection of Plaintiff's claim for disability pension benefits.

2. The Plaintiff seeks compensatory damages for his claim for disability retirement benefits.

1

## II.     Jurisdiction

3. The jurisdiction over the Plaintiff's claim is conferred to this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(4), and 29 U.S.C. § 1132.

## III.    Parties

4. The Plaintiff, Larry Greg Wallace, is a citizen of the United States, a resident of Quinton, Alabama, residing at 7115 Cumby Greer Road, Quinton, Alabama 35130.

5. The Plaintiff was employed by Drummond Company, Inc., a corporation, in a classified job for a signatory employer of the Defendant. The Plaintiff was employed on a continuous basis by Drummond Company, Inc. for 3 years and 10 months, from July 11, 2005, to December 7, 2006, and then again from October 7, 2015, to April 2, 2018, when he suffered disabling on-the-job injuries.

6. As an employee of Drummond Company, Inc., the Plaintiff is covered under the UMWA 1974 Pension Plan. The United Mine Workers' of America Health and Retirement Funds ("UMWA Health and Retirement Finds") is the Trustee and Administrator of the UMWA 1974 Pension Plan.

## IV.    Claim for Relief

7. While employed by Drummond Company, Inc., a corporation (hereinafter "Drummond"), the Plaintiff sustained injuries to his head, neck, and

back when a rib burst in the coal mine on April 2, 2018, while the Plaintiff performed classified work for a signatory employer.

8.      At the time of the injury, the Plaintiff was employed as an underground coal miner, a job which entailed lifting up to 100 pounds, shoveling, running large equipment, building walls with concrete blocks, and lifting and carrying timbers. While engaged in such work, the Plaintiff was repairing a failed rib and wall. The rib burst with such force that one of the 6x6 green oak timbers ripped from its anchor and launched as a projectile, striking the Plaintiff in the head, neck, and back, knocking him unconscious, and causing him to fall. As the Plaintiff fell, he also struck his head on a metal tray. This rib failure caused the Plaintiff severe and permanent injuries.

9.      The Plaintiff was taken to the hospital immediately after the incident. The hospital ran tests and found that the Plaintiff had suffered fractures to his C6 and T3 vertebrae. Later tests would additionally reveal a bulging disc at C5-6, as well fractures of T2 and T4, as well as his original diagnoses. Shortly after his initial hospital visit, the Plaintiff was also diagnosed with PTSD, which he is still suffering from.

10.     Thereafter, the Plaintiff filed a Workers' Compensation claim for benefits against Drummond on November 16, 2017, regarding a different on-the-job

injury, then amended his Workers' Compensation claim to include the April 2, 2018, injuries on October 8, 2018.

11. The Plaintiff was never able to return to work after his April 2, 2018, on-the-job injuries.

12. On or about April 23, 2021, the Plaintiff and Drummond entered into mediation before an Ombudsman, and reached a settlement, where Drummond agreed, based on the insurmountable amount of medical evidence, that the Plaintiff is 100% permanently and totally disabled as a result of his April 2, 2018, on-the-job injuries.

13. On or about April 10, 2019, the Plaintiff sought permanent total disability for Social Security Disability Benefits under Title II of the Social Security Act, or its successor.

14. On August 31, 2019, the Social Security Administration awarded the Plaintiff disability benefits, stating that he became disabled under the Social Security Administration rules on April 2, 2018.  The Social Security Administration paid the Plaintiff benefits from October 2018 to August 2019, then began monthly payments afterwards.

15. Following the determination of the Social Security Administration in awarding the Plaintiff disability benefits, the Plaintiff on or about September 19, 2019, applied to the Defendant for disability pension benefits under the UMWA

1974 Pension Trust Plan due to his being totally disabled as a result of the mine accident on April 2, 2018.

16.     In addition to supplying medical records in support of his request to the Defendant for permanent disability benefits, the Plaintiff submitted the Social Security Administration's determination of permanent total disability.

17.     Following submission of medical documentation as well as proof of the Plaintiff's disability as determined by the Social Security Administration, the Defendant denied the Plaintiff's request for disability benefits under the UMWA 1974 Pension Plan.

18.     The Defendant's refusal to award disability benefits to the Plaintiff is unreasonable and represents an arbitrary and capricious decision on the basis of the voluminous and overwhelming evidence presented that the Plaintiff's disability was caused by an injury sustained in the course of the Plaintiff's employment with Drummond.

WHEREFORE, based on the foregoing, the Plaintiff requests the following relief:

A.     An Order awarding the Plaintiff disability pension benefits under the UMWA 1974 Pension Plan, including benefits accrued since April 2, 2018, to the present date, and an Order requiring continuation of disability pension benefits until

such time, if any, that the Defendant can establish that the Plaintiff is no longer qualified for Social Security Administrative total disability benefits;

      B.    An award of pre-judgment interest on all amounts due under the pension plan for disability pension benefits from September 19, 2019, the date of the Plaintiff's initial request for benefits, to the present;

      C.    Plus, an award of all costs and reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g)(1);

      D.    For such further relief as the Court deems just and proper.

                                              */s/ Lloyd W. Gathings*
                                              Lloyd W. Gathings
                                              Honora M. Gathings
                                              Kimberly B. Massey

OF COUNSEL:
Lloyd W. Gathings
Honora M. Gathings
Kimberly B. Massey
Gathings Law
2140 11th Avenue South, Suite 210
Birmingham, AL 35205
(205) 322-1201
(205) 322-1202
lgathings@gathingslaw.com
hgathings@gathingslaw.com
kmassey@gathingslaw.com

Plaintiff's Address:
7115 Cumby Greer Road
Quinton, Alabama 35130

                                              */s/ Kimberly B. Massey*